**ORIGINAL**

# In the United States Court of Federal Claims

No. 15-977C
(Filed: January 6, 2016)

**FILED**
JAN - 6 2016
U.S. COURT OF
FEDERAL CLAIMS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

DIANNA SHULLER,

    Plaintiff,

v.

THE UNITED STATES,

    Defendant.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER OF DISMISSAL

**WILLIAMS**, Judge.

    This matter comes before the Court on Defendant's motion to dismiss. For the reasons stated below, Defendant's motion to dismiss is granted.

### Background

    Plaintiff pro se Dianna Shuller is incarcerated at the State Correctional Institution in Muncy, Pennsylvania. Compl. 1. Plaintiff filed suit in this Court on September 4, 2015, alleging that she is being held "without Criminal Procedure," and that her incarceration is based on terrorism and "fraudulent paperwork." Id. Plaintiff alleges that certain records relating to her imprisonment are "non-existent." Id. Plaintiff requests "relief from imprisonment caused by [Secretary of the Pennsylvania Department of Corrections] John E. Wetzel, and contact permitted to family for arrangements to go home." Id. at 2.

### Discussion

    Plaintiff must first establish subject-matter jurisdiction before the Court may proceed to the merits of the action. See Hardie v. United States, 367 F.3d 1288, 1290 (Fed. Cir. 2004). The Court must dismiss the action if subject-matter jurisdiction is found to be lacking. Adair v. United States, 497 F.3d 1244, 1251 (Fed. Cir. 2007). The Court assumes all factual allegations as true, and will construe the complaint in a manner most favorable to the Plaintiff when ruling on a motion to dismiss pursuant to Rule 12(b)(1). Pennington Seed, Inc. v. Produce Exch. No. 299, 457 F.3d 1334, 1338 (Fed. Cir. 2006).

The filings of pro se litigants are held to "'less stringent standards than formal pleadings drafted by lawyers.'" Naskar v. United States, 82 Fed. Cl. 319, 320 (2008) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)). However, pro se plaintiffs still bear the burden of establishing the Court's jurisdiction, and must do so by a preponderance of the evidence. See Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988); Tindle v. United States, 56 Fed. Cl. 337, 341 (2003).

The Tucker Act, 28 U.S.C. § 1491(a)(1) (2012), provides that this Court

> shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

Plaintiff alleges that John Wetzel, Secretary of the Pennsylvania Department of Corrections, is the individual responsible for her imprisonment. Jurisdiction in this Court is proper only where the United States is named as the defendant. United States v. Sherwood, 312 U.S. 584, 588 (1941); see also Stephenson v. United States, 58 Fed. Cl. 186, 190 (2003) ("[T]he only proper defendant for any matter before this court is the United States, not its officers, nor any other individual.") (emphasis in original). "[T]he Court of Federal Claims does not have jurisdiction to hear claims against states, localities, state and local government entities, or state and local government officials and employees." Smith v. United States, 99 Fed. Cl. 581, 583 (2011) (citing Moore v. Pub. Defender's Office, 76 Fed. Cl. 617, 620 (2007)).

Plaintiff requests that this Court order her release from prison. This Court does not have jurisdiction to grant Plaintiff "relief from imprisonment."[1] Defendant construes Plaintiff's request as a petition for a writ of habeas corpus, and correctly points out that the habeas corpus statute does not grant this Court the authority to issue such writs. See Stephenson, 58 Fed. Cl. at 192; Meeks v. United States, No. 07-201C, 2007 WL 5172431, at *3 (Fed. Cl. Aug. 6, 2007).

---

[1] Although this Court does possess jurisdiction to hear claims of unjust conviction, that jurisdiction is limited and must involve a request for compensation. See 28 U.S.C. § 1495. In order to succeed on a claim for compensation based on unjust conviction, a plaintiff must prove that his conviction has been reversed or set aside upon grounds of actual innocence, that he has been found not guilty during a new trial, or that he has been pardoned on the grounds of actual innocence, and that he did not commit the acts for which he has been charged. 28 U.S.C. § 2513(a)(1)-(2); see also Vincin v. United States, 468 F.2d 930, 933 (1972) (per curiam); Brown v. United States, 42 Fed. Cl. 139, 141-42 (1998). This proof must come in the form of either a court-issued certificate or a pardon. 28 U.S.C. § 2513(b). Plaintiff has not made any such showing here, nor has she made a claim for compensation.

2

## Conclusion

Defendant's motion to dismiss is **GRANTED**. The Clerk is directed to dismiss this action for lack of jurisdiction.

*[signature: Mary Ellen Coster Williams]*

MARY ELLEN COSTER WILLIAMS
Judge